the negligence of the defendant. After the defendant answered, and noticed the case for trial, and placed it upon the calendar, the plaintiff settled his claim with the defendant and executed a release of his cause of action. The defendant thereafter, and within the time within which he was authorized to amend his answer as of course, and without leave of the court, served an alleged amended answer, setting up the release as a defense. It is manifest that this defense, arising after the original answer was served, could only be interposed by leave of the court and in the form of a supplemental answer. Code Civ. Proc. § 544.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.

---

## HANSON v. WALSH.

(Supreme Court, Appellate Division, First Department. January 11, 1907.)

APPEAL—TRANSFER OF CAUSE—DEFAULT IN FILING PAPERS.

　　Whether a default in serving printed copies of papers on appeal, as required by rule 41 of the general rules of practice, should be opened, must be settled on motion made in the Appellate Division; but whether a default in service of a case on appeal or in filing of the case should be opened must be settled at the Special Term.

Appeal from Special Term, New York County.

Action by Dethlef C. Hanson against Thomas F. Walsh. Plaintiff's motion to place the action on the preferred calendar was denied. Plaintiff appealed, and his motion to open default in failing to serve papers on appeal was denied, and he appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

A. J. Dittenhoefer, for appellant.
John D. Lindsay, for respondent.

INGRAHAM, J. The action was for libel, and the plaintiff made a motion for a preference. This motion was denied, and from the order entered upon that denial the plaintiff appealed. The plaintiff failed to serve the printed copies of the papers upon the appeal, as required by rule 41 of the general rules of practice, whereupon he made a motion at the Special Term to be relieved from the default. This default was in failing to file with the clerk of this court and serve upon the opposite party the papers upon which the appeal is to be heard in this court. Where there is a default in the service of a case on appeal, or in the filing of the case, as settled by the trial judge or referee, an application to open that default should be made at the Special Term; and where the default consists of a failure to file the printed copies of the papers on which the appeal is to be heard in this court, or to serve copies thereof upon the opposite party, the default is in this court.

The preparation, settlement, and filing of the case or bill of exceptions is a part of the record of the court below, and is to be prepared, settled, and filed there, and an application to be relieved from a default must be made at Special Term. After the case is settled and

filed, as prescribed by the Code and general rules of practice, the filing and service of the printed papers upon which the appeal is to be heard, as required by the general rules of practice, are a part of the appeal, and any default is a default in a proceeding which is a part of the appeal, and is regulated by the rules of this court. The question whether such a default should be enforced must be settled upon a motion, made in this court, either to be relieved from the default or to dismiss the appeal.

The order appealed from is affirmed, with $10 costs and disbursements. All concur.