BANKERS' MONEY ORDER ASS'N v. NACHOD et al.

(Supreme Court, Appellate Division, First Department.   April 10, 1908.)

APPEAL—RECORD—FAILURE TO FILE PAPERS ON APPEAL—RELIEF.

Where a case on appeal has been settled and filed, an application to excuse the default of appellant in serving the printed papers on appeal must be made to the appellate court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 2214, 2215.]

Appeal from Special Term.

Action by the Bankers' Money Order Association against Friedrich Nachod and others.  Defendants, who had appealed from an adverse judgment, moved in the trial court for an order excusing their default in serving the printed papers on appeal, which was denied, and defendants appeal.  Affirmed.

See 120 App. Div. 732, 105 N. Y. Supp. 773.

Argued before I N G R A H A M, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

George T. Hogg, for appellants.
Andrew J. Dewey, for respondent.

McLAUGHLIN, J.   The plaintiff recovered a judgment against the defendants, from which, and an order denying a motion for a new trial, an appeal was taken on the 21st of March, 1907, and an undertaking given to stay execution.  On the 11th of October, 1907, the proposed case on appeal was settled and ordered on file, and the same was filed on the 14th of that month, on which day the defendants made a motion for a new trial on the ground of newly discovered evidence.  The motion was denied, with costs, which were subsequently taxed, and an order to that effect entered on January 7, 1908.  An appeal was taken from this order, which is still pending, and another undertaking given to stay the collection of such costs.  On the 4th of February, 1908, an application was made by the respondent to the Appellate Division to dismiss the appeal taken from the judgment on the ground of appellants' failure to serve and file the printed papers on appeal, and two days later the defendants made a motion, returnable at Special Term on the 11th of February, for an order excusing their default in serving such papers.  The motion to dismiss the appeal was denied on condition that the appellants have the case ready for argument at the March term, which was subsequently, on the settlement of the order, changed to the April term.  The defendants' motion to excuse their default in serving the printed papers on appeal was denied, and it is from this order that the present appeal is taken.

The order was properly denied, but not for the reason stated by the learned justice sitting at Special Term.  He denied the motion upon the ground, as appears from his opinion, that the costs awarded the plaintiff on the denial of the defendants' motion for a new trial on the ground of newly discovered evidence had not been paid, and for that reason, under section 779 of the Code of Civil Procedure, all proceedings on the part of the defendants were stayed, except to review or to vacate

that order. The motion was properly denied for the reason that the application to excuse the default had to be made to the Appellate Division, and not to the Special Term. An appeal had been taken from the judgment, and the case on appeal had been settled, and filed. All proceedings thereafter, with reference to filing and serving the printed papers upon which the appeal is·to be heard, are part of the appeal, and any application to excuse a default with reference to the printing or service of such papers must be made to the Appellate Division, and not to the Special Term. Hansen v. Walsh, 117 App. Div. 39, 101 N. Y. Supp. 1061. The preparation of the case, its settlement, and filing are part of the record of the court below, and in case of default in such respects application has to be made to the Special Term to be relieved, but after the case is settled and filed, as prescribed by the Code of Civil Procedure and the General Rules of Practice, subsequent proceedings are before the Appellate Division, and any action with reference to the appeal or the service of papers in connection with it must be there made, and not at the Special Term. When the Appellate Division refused to dismiss the appeal, it necessarily excused the appellants' default in printing and serving the papers on appeal, provided the conditions imposed were complied with.

The order appealed from, therefore, is affirmed, with $10 costs and disbursements. All concur.